# GUNDERSHEIMER *v.* EARNSHAW.

PRACTICE; JUDGMENTS; SEVENTY-THIRD RULE; AFFIDAVITS.

1. Where after a plea in abatement for misnomer to a declaration supported by an affidavit under the Seventy-third Rule, the plaintiff files an amended declaration and affidavit, he is entitled to a summary judgment under that rule, if the defendant pleads the general issue but fails to support his plea by affidavit.

2. That certain allegations in an affidavit made under the Seventy-third Rule, are in the participial form instead of being formulated in the indicative mood, is not a defect which will render the affidavit insufficient.

No. 796. Submitted May 20, 1898. Decided June 8, 1898.

HEARING on an appeal by the defendant from a judgment under the Seventy-third Rule of the Supreme Court of the District of Columbia, for want of an affidavit of defense, in an action of assumpsit. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Myer Cohen* and *Mr. Adolph G. Wolf* for the appellant.

*Mr. Frank T. Browning* and *Mr. Charles A. Keigwin* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a judgment of the Supreme Court of the District of Columbia rendered under the Seventy-third common law Rule of that court, which has been so frequently before us, and which in certain actions authorizes summary judgments upon affidavit.

The appellee, Basil B. Earnshaw, as plaintiff in the court below, sued the defendant, here the appellant, Samuel Gundersheimer, but under the name of Edward S. Gundersheimer, upon an account for merchandise of the value of

$783.65 sold and delivered to him; and supported his declaration by an affidavit. As a defense, the defendant interposed a plea in abatement, to the effect that, although he was the person sued, his name was Samuel Gundersheimer, and not Edward S. Gundersheimer; and he swore to the truth of the plea.

The plaintiff thereupon moved for leave to amend his declaration and affidavit by striking out the name of Edward S. Gundersheimer wherever it appeared and inserting in place thereof the name Samuel Gundersheimer. And in support of the motion he filed an affidavit setting forth the circumstances which had induced him to believe that the name which he had given was the true name of the defendant. The motion was allowed; and the plaintiff filed an amended declaration and an amended affidavit, the only difference between these and the original pleadings being the change of name of the defendant.

The defendant filed a plea of the general issue to the amended declaration, but failed to support it by any affidavit, although he was given ample opportunity to do so, and the time was enlarged for the purpose. The plaintiff moved for judgment and judgment was rendered in his favor for the amount claimed in the declaration.

From this judgment the defendant has appealed.

The grounds of appeal are twofold: (1) That the defendant was not in default, and the Seventy-third Rule did not apply to the case; (2) That the plaintiff's affidavits were insufficient under that rule.

Under the first head, the argument seems to be that, by filing an amended declaration and affidavit, the plaintiff abandoned his original affidavit; that the original affidavit could not, in any event, support an amended declaration filed after it, and that in order to obtain a judgment under the Seventy-third Rule the plaintiff must have filed his affidavit, in accordance with the terms of the rule, *"at the time of bringing his action."* Stated more generally, the

contention of the appellant apparently is, that, if a plaintiff is at any time or for any reason forced to an amendment of his declaration, he can not thereafter become entitled to a judgment under the Seventy-third Rule.

We are unable to find any force in this argument. For some purposes, as, for instance, to prevent the accruing of the statute of limitations, an amended declaration is permitted to have reference back to the time of the filing of the original declaration. But for most purposes, and with a view to the subsequent proceedings, the filing of an amended declaration is, in contemplation of law, the beginning of the action, and all the previous proceedings pass out of the case. Upon the amended declaration it is usual that the defendant should plead *de novo*, without reference to previous pleadings; and upon such amended declaration and the pleadings thereto the trial is had and verdict and judgment are rendered. And if upon such amended declaration and the pleadings thereto the trial in due course is had and the verdict and judgment are rendered, it is not easy to see why such amended declaration, if duly verified, should not afford a basis for summary judgment under the Seventy-third Rule. There is no good reason why an amended declaration should not be allowed the same scope and effect in this regard as the original declaration. The beneficial purpose of the rule is as well subserved in one case as in the other; and it is not apparent why a defendant to an amended declaration should be entitled to a trial by jury, when, under the original declaration, he would not have been so entitled.

Moreover, there was compliance by the plaintiff with the strict letter of the rule at the time of the filing of the original declaration. The affidavit accompanying that declaration was certainly filed at the time of the bringing of the action. The defendant did not contest either the declaration or affidavit otherwise than in the single matter of misnomer. On the contrary, he admitted that he was the person " against

whom the declaration was filed," and therefore that he was the person liable to the plaintiff on his demand, if legal liability there was. When the amended declaration was filed, and that was supported by an affidavit, neither of them differing from the original declaration and affidavit in any other respect than a misnomer, it is neither reasonable nor just that the plaintiff should be deprived of the benefit of his full compliance with the rule in the first instance.

We are of opinion that the defendant in this case was entitled to no advantage from the amended declaration to which he was not entitled under the original declaration, and that his plea to such amended declaration should have been duly verified under the Seventy-third Rule, to preclude the plaintiff from seeking judgment under that rule.

2. But it is argued, in the second place, that neither affidavit of the plaintiff is sufficient in itself to entitle him to judgment, the supposed defect being that certain allegations therein are in the participial form, instead of being formulated in the indicative mood. The statement is, "that the cause of action in this suit arose for the goods sold and delivered by the plaintiff to the defendant, the said Samuel Gundersheimer, the same being merchandise used in the regular line of grocery business, the same being sold to the defendant during the months of October and November, A. D, 1897, and for which the said defendant has not paid, the price charged being the same as the defendant has been accustomed to pay, and being reasonable and just, &c." That the language of the affidavit could very easily be improved, and the statements made in a more distinct and positive manner, is very evident; and there is no reason why a good and just cause of action should not be expressed in language as strong and forcible as the claim itself. Yet we can not hold that the terms here used are insufficient. Ever since the case of *Posterne* v. *Hanson*, 2 Wm. Saunders, 51, over two hundred years ago, the participial form of aver-

ment in affidavits has been deemed sufficient. The case of *Foertsch* v. *Germuiller*, 2 App. D. C. 340, cited in this connection on behalf of the appellant, does not support his contention. For there there was no averment of any kind, either in the participial or other form, of the essential fact that the plaintiff had rendered the services for which he claimed compensation.

We are of opinion that there was no error in the action of the court below, and that the judgment appealed from should be *affirmed, with costs. And it is so ordered.*